IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON, | § | |
| Dall. Cnty. Jail BookIn No. 22003389, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:22-cv-1957-D-BN |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Shedrick Thorton, now an inmate at the Dallas County jail, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 collaterally attacking his 2017 Dallas County conviction for violation of a protective order/assault/stalking, which resulted in a sentence of 10 years of incarceration. *See State v. Thornton*, F14-76804-H (Crim. Dist. Ct. No. 1, Dall. Cnty., Tex. Jan. 12, 2017); Dkt. No. 3 at 1-2. Senior United States District Judge Sidney A. Fitzwater referred Thornton's habeas petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons and to the extent set out below, the Court should dismiss the federal habeas challenge under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

**Legal Standards and Analysis**

Habeas Rule 4 allows a district court to summarily dismiss a habeas

application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes)).

Habeas Rule 4 authorizes the Court to consider whether Thornton is "in custody" under a state criminal judgment that he now challenges. If he is not, the Court lacks jurisdiction to consider his collateral challenge to that conviction. *See, e.g., Claybon v. Texas*, No. 3:16-cv-2479-K-BN, 2016 WL 5793767, at *2-*3 (N.D. Tex. Aug. 29, 2016) (citing *Brown v. Wenerowicz*, Civ. A. No. 13-430, 2013 WL 2404152 (W.D. Pa. May 31, 2013); *Yuen v. Lee*, No. 3:09CV-P919-S, 2010 WL 299277 (W.D. Ky. Jan. 19, 2010)), *rec. accepted*, 2016 WL 5717532 (N.D. Tex. Sept. 28, 2016).

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a), "[a] habeas petitioner may seek relief from a state court judgment only if he is "'in custody" under the conviction or sentence under attack at the time his petition is filed.'" *Rubio v. Davis*, 907 F.3d 860, 862 (5th Cir. 2018) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).

This jurisdictional requirement "can be satisfied by certain non-criminal

judgments, including civil commitment orders." *Id.* (citing *Duncan v. Walker*, 533 U.S. 167, 176 (2001); *Francois v. Henderson*, 850 F.2d 231, 232 (5th Cir. 1988)).

And a petitioner need not be physically confined to be "in custody" for the purpose of habeas relief. *See Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) ("'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration."); *accord Carter v. Procunier*, 755 F.2d 1126, 1129 (5th Cir. 1985) ("It is well settled that a habeas corpus petitioner meets the statutory 'in custody' requirements when, at the time he files the petition: (1) he is in custody pursuant to the conviction he attacks or (2) he is in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks." (citations omitted)). *But see Carter*, 722 F.2d at 1129 ("The court's jurisdiction does not continue, and a petitioner does not meet the statutory 'in custody' requirement, however, when he (1) files the petition while in custody pursuant to a conviction that is positively and demonstrably related to the conviction he attacks, and (2) later is discharged from custody on that related offense before the petition is finally adjudicated." (citing *Escobedo v. Estelle*, 655 F.2d 613 (5th Cir. Unit A Sept. 1981))).

Even so, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *see also Hendrix v. Lynaugh*, 888 F.2d 336, 337-38 (5th Cir. 1989)

(adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

Records from the Dallas County jail indicate that Thornton is in custody there after violating a bond related to the 2017 conviction that he now collaterally attacks and a bond related to a subsequent conviction. Thornton therefore appears to be "in custody" under the 2017 conviction. *Cf. Ewald v. Cockrell*, No. 4:02-cv-194-A, 2002 WL 31051018, at *3 (N.D. Tex. Sept. 11, 2002) ("Ewald meets the 'in custody' requirement because at the time that he filed the petition he was in the custody of the TDCJ and was detained on a parole violator's warrant duly issued by the Parole Division of the TDCJ.").

Thornton's challenge to this conviction is nevertheless time barred.

While "the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329. But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (cleaned up; quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).

Under the circumstances here, these findings, conclusions, and recommendation provide Thornton fair notice, and the opportunity to file objections to them (further explained below) affords him a chance to present to the Court his

position as to the limitations concerns explained below. *See, e.g., Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day*, 547 U.S. at 202 n.1).

"Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")). One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S.

at 257; *see, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And a showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term

'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of

course, would arise whenever a constitutional violation by itself requires reversal,

whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467

(1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker*

*v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway

claims of actual innocence are 'extremely rare,' and relief is available only in the

'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S.

at 324, 327)).

Thornton did not timely appeal his 2017 conviction. As the Dallas Court of

Appeals recently explained,

> [a]bsent a timely filed motion for new trial, appellant's notice of appeal
> was due by February 13, 2017. *See* TEX. R. APP. P. 26.2(a)(2). To obtain
> the benefit of the extension period provided by rule 26.3, appellant had
> to file his notice of appeal in the trial court and an extension motion in
> this Court by February 27, 2017. *See* TEX. R. APP. P. 26.3; *Slaton v. State*,
> 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo v. State*,
> 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The notice of appeal filed
> in this Court shows it was prepared and postmarked on March 4, 2022.
> Even if we were to consider his September 11, 2019 notice of appeal, that
> notice is also untimely. Because appellant's notice of appeal is untimely,
> we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210;
> *Olivo*, 918 S.W.2d at 523.

*Thornton v. State*, No. 05-22-00189-CR, slip op. at 3 (Tex. App. – Dallas Apr. 12, 2022)

(citation modified); *see also* Dkt. No. 3 at 2.

As this decision shows,

> [s]tate law determines the time period within which a prisoner may file
> a direct appeal of a state conviction. *Roberts v. Cockrell*, 319 F.3d 690,
> 693-94 (5th Cir. 2003). In Texas, if a defendant does not move for a new
> trial, he has thirty days after the sentencing date to file a timely notice
> of appeal. TEX. R. APP. P. 26.2(a). If the defendant does not file timely
> notice of appeal, his conviction becomes final at the end of the thirty-day

period. *Id.*; 28 U.S.C. § 2244(d).

*Fletcher v. Davis*, No. 7:19-cv-19-O-BP, 2019 WL 6791464, at \*2 (N.D. Tex. Oct. 8, 2019), *rec. accepted*, 2019 WL 6790122 (N.D. Tex. Dec. 11, 2019).

Because Thornton did not file a timely direct appeal, the state criminal judgment he now challenges under Section 2254 became final for federal-limitations purposes on the thirtieth day after it was imposed (January 12, 2017) that was not a Saturday, Sunday, or legal holiday – which was Monday, February 13, 2017. *See* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a).

So, even if his current claims are exhausted through his petitioning the Texas Court of Criminal Appeals for discretionary review, *see Thornton v. State*, PD-0228-22 (Tex. Crim. App. July 27, 2022); Dkt. No. 3 at 2-3, Thornton's Section 2254 petition is more than four years too late, as it was filed no sooner than August 25, 2022, the date on which he certifies that he placed it in the prison mailing system, *see* Dkt. No. 3 at 19; *see also* RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities."). It should therefore be denied as untimely under Section 2244(d)(1)(A) absent statutory or equitable tolling of the limitations period.

But Thornton neither relies on another provision of Section 2244(d)(1), nor advances a claim of tolling under the narrow actual innocence gateway, nor establishes either prong of equitable tolling – that he pursued his rights diligently

and that an extraordinary circumstance beyond his control prevented the timely filing of the federal habeas petition.

The Court should therefore dismiss this action with prejudice as time barred.

## Recommendation and Directions to Clerk

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Shedrick Thorton's 28 U.S.C. § 2254 habeas application as time barred. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk shall serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 8, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE